Francienna GRANT, Plaintiff,

v.

REVERA INC./REVERA HEALTH SYSTEMS, Priscilla Miller, in Her Official Capacity as Rehabilitation Director, Premier Therapy Services, and John or Mary Does, Defendants.

Civil Action No. 12–5857 (JBS/KMW)

United States District Court, D. New Jersey.

Signed October 26, 2015

Francienna Grant, Cape May Court House, NJ, pro se.

---

## ORDER

JEROME B. SIMANDLE, Chief United States District Judge

This matter comes before the Court by way of *pro se* Plaintiff Francienna Grant's (hereinafter, "Plaintiff") motion to dismiss Defendants' Counterclaim for breach of contract as abandoned (hereinafter, the "Counterclaim"), and for an extension of time to file an appeal.[1] [*See* Docket Item 112.] For the reasons that follow, Plaintiff's motion will be dismissed as moot to the extent it concerns Defendants' Counterclaim and denied to the extent it seeks an extension of time to file an appeal.[2]

In a forty-six page decision dated December 23, 2014, the Court denied Plaintiff's motion for summary judgment, granted Defendants' motion for summary judgment, and dismissed Plaintiff's Complaint (hereinafter, the "Summary Judg-

ment decision"). *See generally Grant v. Revera Inc./Revera Health Sys.*, No. 12–5857, 2014 WL 7341198 (D.N.J. Dec. 23, 2014). In connection with the Summary Judgment decision, the Court identified Defendants' Counterclaim, but noted that Defendants had not sought summary judgment on that claim. *See id.* at *1 n.3. As a result, the Court "dismiss[ed] Plaintiff's Complaint and close[d] the case ... without prejudice to reinstatement in the event Defendants wish[ed] to pursue the [C]ounterclaim." *Id.* The Court subsequently denied Plaintiff's first motion for reconsideration on February 24, 2015, see *Grant v. Revera Inc./Revera Health Sys.*, No. 12–5857, 2015 WL 794992 (D.N.J. Feb. 24, 2015) and denied her second motion for reconsideration on July 8, 2015. *See Grant v. Revera Inc./Revera Health Sys.*, No. 12–5857, 2015 WL 4139602 (D.N.J. July 8, 2015). In the second decision upon reconsideration, the Court stated that, "[t]o the extent Plaintiff wishe[d] to challenge any of [the Court's prior] decisions, Plaintiff must, to the extent permitted by applicable law, file a notice of appeal with the Court of Appeals for the Third Circuit." *See id.* at *3 (citing FED. R. APP. P. 4(a)). Plaintiff's notice of appeal followed on September 9, 2015. [*See* Docket Item 110.]

Following docketing of the appeal, the Clerk of Court for the Third Circuit issued a letter on September 15, 2015, advising Plaintiff that her appeal would "be submit-

---

1. By letter dated October 15, 2015, and received by the Clerk of Court on October 19, 2015, Plaintiff requested to adjourn the return date of the fully-briefed motion, so that she could have her "oral argument" before the undersigned. [Docket Item 117.] Nevertheless, given the simplicity of the issues presented in the pending motion, the Court will exercise its discretion under Federal Rule of Civil Procedure 78 to decide the motion without

oral argument. *See* FED. R. CIV. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings).

2. Any challenge of this decision must, to the extent permitted by applicable law, be directed to the U.S. Court of Appeals for the Third Circuit.

ted to a panel of [the Third Circuit] for possible dismissal due to a jurisdictional defect." (Ex. A to Defs.' Opp'n.) The jurisdictional defects identified by the Clerk of Court for the Third Circuit specifically included the possibility that the "District Court action may not have dismissed counterclaims," and the fact that Plaintiff did not file her notice of appeal within the time prescribed by the Federal Rules of Appellate Procedure. (*Id.*) Shortly thereafter, however, the Clerk of Court for the Third Circuit dismissed Plaintiff's appeal "for failure to timely prosecute insofar as [she] failed to pay the requisite filing fee as directed."[3] [Docket Item 116.]

Plaintiff now moves before this Court to cure the purported jurisdictional defects, and specifically requests: (1) the dismissal of Defendants' Counterclaim and (2) an extension of time to file an appeal. (*See* Pl.'s Br. at 1–7.) Defendants argue, however, that Plaintiff's motion should be dismissed as moot to the extent it concerns the status of Defendants' Counterclaim, and they assert that the Court's Summary Judgment decision already dismissed their Counterclaim without prejudice. (*See* Defs.' Opp'n at 1–2.)

█ The Court need not belabor Plaintiff's position on the Counterclaim, and agrees that the Summary Judgment decision dismissed Defendants' Counterclaim without prejudice. Moreover, Defendants' failure to act after the Summary Judgment decision, coupled with counsel for Defendants' representations in opposition to the pending motion, make plain that they have no intention of pursuing the Counterclaim. Plaintiff's motion in this respect is therefore dismissed as moot (*see generally* Pl.'s Br.), because no claims remain to be adjudicated.

█ As to Plaintiff's request for an extension of time to appeal, Federal Rule of Appellate Procedure 4(a)(5) permit this Court to extend the time to appeal if a party requests such relief "no later than 30 days" after the normal appeal period, *and* demonstrates "good cause or excusable neglect."[4] FED. R. APP. P. 4(a)(5). As indicated by the Clerk of Court for the Third Circuit, the 30–day appeal period in this instance began to run on July 9, 2015, following the Court's decision upon Plaintiff's second motion for reconsideration. (*See* Ex. A to Defs.' Opp'n.) The time to appeal expired on August 7, 2015. Plaintiff, however, did not file her notice of appeal until September 2, 2015, and did not request an extension until September 22, 2015, over 45 days after the expiration of the normal appeal period. Plaintiff's request for an extension must therefore be denied, at the outset, as untimely. *See Vaughan v. Ricci,* No. 07–4142, 2007 WL

---

3. As a result, no jurisdictional impediment exists to this Court's ability to consider the pending motion, and it need not reach Plaintiff's request for "remand as an indicative ruling." (Pl.'s Br. at 7–8.)

4. Federal Rule of Appellate Procedure 4(a)(6) alternatively permits this Court to reopen the time to file an appeal, "but only if ... the [district] court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days

after entry" *and* "the [district] court finds that no party would be prejudiced." FED. R. APP. P. 4(a)(6)(A)–(C). In this case, Plaintiff has identified no issue with notice, and indeed her own submissions make plain that she received adequate and effective notice of the Court's Orders and Judgments under Federal Rule of Civil Procedure 77(d). Moreover, Plaintiff's conduct has unnecessarily delayed the resolution of this protracted litigation, and an extension would result in clear prejudice to Defendants.

4570079, at *1 (D.N.J. Dec. 26, 2007) (denying a request for an extension of time to appeal on timeliness grounds). Moreover, even if the Court found the request timely (which it does not), Plaintiff has shown neither good cause nor excusable neglect. She offers no explanation why she did not file a notice of appeal, as required, on or before August 7, 2015. Indeed, Plaintiff's brief provides *no* facts to support her request for an extension (nor any substantive discussion), and this Court's own docket reflects Plaintiff's history of dilatory action, most notably in connection with Plaintiff's severely untimely and otherwise frivolous motions for reconsideration. For all of these reasons, Plaintiff's request for an extension of time to file an appeal will be denied. Consequently, for good cause shown,

IT IS this *26th* day of *October* 2015, hereby

**ORDERED** that Plaintiff's motion [Docket Item 112] shall be, and hereby is, *DISMISSED AS MOOT* to the extent it seeks dismissal of Defendants' Counterclaim, and *DENIED* to the extent it seeks an extension of time to file an appeal; and it is further

**ORDERED** that, because there are no claims left for this Court to adjudicate, the Clerk of Court shall *CLOSE* this case.